IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS MOBILE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ZTE CORPORATION; | ) | JURY TRIAL DEMANDED |
| ZTE (USA) INC.; | ) | |
| ZTE SOLUTIONS INC., | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Pragmatus Mobile, LLC ("Pragmatus") complains and alleges as follows against Defendants ZTE Corporation, ZTE (USA) Inc., and ZTE Solutions Inc. (collectively, "ZTE"):

**THE PARTIES**

1.  Pragmatus is a limited liability company organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 601 North King Street, Alexandria, Virginia 22314.

2.  Pragmatus is informed and believes that ZTE Corporation is a corporation organized under the laws of China and its principal place of business is No. 55 Hi-Tech Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province 518057, China.

3.  Pragmatus is informed and believes that ZTE (USA) Inc. is a corporation organized under the laws of New Jersey and its principal place of business is 2425 N. Central Expressway, Suite 323, Richardson, TX 75080. Upon information and belief, ZTE (USA) Inc. is a wholly owned subsidiary of ZTE Corporation.

4. Pragmatus is informed and believes that ZTE Solutions Inc. is a corporation organized under the laws of Delaware and its principal place of business is 2425 N. Central Expressway, Suite 323, Richardson, TX 75080. Upon information and belief, ZTE Solutions Inc. is a wholly owned subsidiary of ZTE Corporation.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, United States Code, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction over this action under Tide 28 United States Code, §§ 1331 and 1338.

6. Pragmatus is informed and believes that this Court has personal jurisdiction over ZTE because ZTE is incorporated within this district, and/or because ZTE has committed, and continues to commit, acts of infringement in Delaware. Pragmatus is informed and believes that ZTE also maintains a registered agent in Delaware, namely Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because ZTE has committed acts of infringement in this district and/or is deemed to reside in this district.

## THE PATENTS-IN-SUIT

8. On April 3, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,149,124 ("the '124 Patent"), entitled "Personal Security And Tracking System." Pragmatus holds all right, title and interest in and to the '124 Patent. A true and correct copy of the '124 Patent is attached as Exhibit A.

9. On June 18, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,466,795 ("the '795 Patent"), entitled "Personal Security And Tracking System." Pragmatus holds all right, title and interest in and to the '795 Patent. A true and correct copy of the '795 Patent is attached as Exhibit B.

10. On information and belief, ZTE had knowledge of at least the '124 Patent and the '795 Patent no later than October 8, 2013 by virtue of letters sent by Pragmatus to ZTE Corporation's President and Executive Director, Shi Lirong, ZTE (USA) Inc.'s CEO, Lixin Cheng, and ZTE Solutions Inc.'s Senior IPR Licensing Director, Ray Wood.

## COUNT I
## (INFRINGEMENT OF THE '124 PATENT)

11. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 10 above.

12. ZTE has and continues to infringe directly one or more claims of the '124 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 1 of the '124 Patent, at least by providing the ZTE Z992 smartphone.

13. ZTE has and continues to infringe indirectly one or more claims of the '124 Patent by inducing others to infringe at least claim 1 of the '124 Patent by knowingly and intentionally encouraging or aiding third parties (e.g., ZTE' s users) to use, *inter alia*, the ZTE Z992 smartphone in a way that infringes and will continue to infringe the '124 Patent. ZTE, through at least its online user manuals, marketing materials and help materials actively induced and continues to induce its users of, *inter alia*, the ZTE Z992 smartphone to infringe the '124 Patent.

14. ZTE has and continues to contributorily infringe one or more claims of the '124 Patent, including at least claim 1, by offering to users of, *inter alia*, the ZTE Z992 smartphone components that embody a material part of the inventions described in the '124 Patent that are known by ZTE to be especially made or especially adapted for use in infringement of the '124 Patent and are not staple articles or commodities suitable for substantial, non-infringing use. Pragmatus is informed and believes that the third party users of, *inter alia*, the ZTE Z992

smartphone have infringed and will continue to infringe the '124 Patent by using the ZTE Z992 smartphone.

15. Pragmatus has provided ZTE written notice of ZTE's infringement prior to the filing of this suit, and ZTE also has written notice of its infringement by virtue of the filing and service of this Complaint. Pragmatus is informed and believes that from the time that ZTE received notice of its infringement of the '124 patent on or about October 9, 2013 in letters from William Marino to Shi Lirong, Lixin Cheng, and Ray Wood, ZTE knew that users of, *inter alia*, the ZTE Z992 smartphone infringed the '124 patent and knew that it facilitated infringement by providing the ZTE Z992 smartphone to end users and encouraged infringement by providing online user manuals, marketing materials and help materials that explain how to infringe the '124 Patent. In addition to identifying the '124 Patent in the October 8, 2013 letters, Mr. Marino also included representative claim comparisons showing how the '124 Patent reads on the ZTE Z992 smartphone.

16. Pragmatus is informed and believes that following notice ZTE did nothing to remedy its infringement and continues to infringe to this day. ZTE has continued to infringe despite an objectively high likelihood that its, *inter alia*, ZTE Z992 smartphone infringes the '124 Patent. Moreover, this risk was either known or so obvious that it should have been known to ZTE. Accordingly, ZTE has willfully infringed the '124 Patent.

17. As a result of ZTE's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II
### (INFRINGEMENT OF THE '795 PATENT)

18. Pragmatus incorporates by reference herein the averments set forth in paragraphs 1 through 10 above.

19.  ZTE has and continues to infringe directly one or more claims of the '795 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 27 of the '795 Patent, at least by providing the ZTE Z992 smartphone.

20.  ZTE has and continues to infringe indirectly one or more claims of the '795 Patent by inducing others to infringe at least claim 27 of the '795 Patent by knowingly and intentionally encouraging or aiding third parties (e.g., ZTE's users) to use, *inter alia*, the ZTE Z992 smartphone in a way that infringes and will continue to infringe the '795 Patent. ZTE, through at least its online user manuals, marketing materials and help materials actively induced and continues to induce its users of, *inter alia*, the ZTE Z992 smartphone to infringe the '795 Patent.

21.  ZTE has and continues to contributorily infringe one or more claims of the '795 Patent, including at least claim 27, by offering to users of, *inter alia*, the ZTE Z992 smartphone components that embody a material part of the inventions described in the '795 Patent that are known by ZTE to be especially made or especially adapted for use in infringement of the '795 Patent and are not staple articles or commodities suitable for substantial, non-infringing use. Pragmatus is informed and believes that the third party users of, *inter alia*, the ZTE Z992 smartphone have infringed and will continue to infringe the '795 Patent by using the ZTE Z992 smartphone.

22.  Pragmatus has provided ZTE written notice of ZTE's infringement prior to the filing of this suit, and ZTE also has written notice of its infringement by virtue of the filing and service of this Complaint. Pragmatus is informed and believes that from the time that ZTE received notice of its infringement of the '795 patent on or about October 9, 2013 in letters from William Marino to Shi Lirong, Lixin Cheng, and Ray Wood, ZTE knew that users of, *inter alia*, the ZTE Z992 smartphone infringed the '795 patent and knew that it facilitated infringement by

providing the ZTE Z992 smartphone to end users and encouraged infringement by providing online user manuals, marketing materials and help materials that explain how to infringe the '795 Patent. In addition to identifying the '795 Patent in the October 8, 2013 letters, Mr. Marino also included representative claim comparisons showing how the '795 Patent reads on the ZTE Z992 smartphone.

23. Pragmatus is informed and believes that following notice ZTE did nothing to remedy its infringement and continues to infringe to this day. ZTE has continued to infringe despite an objectively high likelihood that its, *inter alia*, ZTE Z992 smartphone infringes the '795 Patent. Moreover, this risk was either known or so obvious that it should have been known to ZTE. Accordingly, ZTE has willfully infringed the '795 Patent.

24. As a result of ZTE's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests the following relief:

a) A judgment that ZTE has infringed one or more claims of United States Patent Nos. 8,149,124 and 8,466,795;

b) A judgment that United States Patent Nos. 8,149,124 and 8,466,795 are valid and enforceable;

c) Pragmatus be awarded damages adequate to compensate Pragmatus for ZTE's infringement of United States Patent Nos. 8,149,124 and 8,466,795 up until the date such judgment is entered, including prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Pragmatus for ZTE's infringement, an accounting;

   d)  A judgment that Pragmatus be awarded attorney fees, costs, and expenses incurred in prosecuting this action;

   e)  A judgment that Pragmatus be awarded such further relief at law or in equity as the Court deems just and proper; and

   f)  A judgment permanently enjoining ZTE from further infringement of each of United States Patent Nos. 8,149,124 and 8,466,795.

   g)  A judgment that ZTE's infringement of United States Patent Nos. 8,149,124 and 8,466,795 was willful and enhancing Pragmatus' damages to three times its actual damages as a result.

## DEMAND FOR JURY TRIAL

      Pragmatus hereby demands trial by jury on all claims and issues so triable.

Dated:  October 10, 2013                      Respectfully submitted,

                                                FARNAN LLP

                                                By: /s/ Brian E. Farnan
                                                    Brian E. Farnan (Bar No. 4089)
                                                    919 North Market Street, 12th Floor
                                                    Wilmington, Delaware 19801
                                                    (302) 777-0300
                                                    (302) 777-0301 (Fax)
                                                    bfarnan@farnanlaw.com

                                                    Attorneys for Plaintiff
                                                    PRAGMATUS MOBILE, LLC

Of Counsel:

Anthony Grillo
MARINO AND GRILLO
437 Midland Avenue
Wayne, PA 19087
Telephone: (610) 989-0143
Fax: (610) 549-2385
agrillo@marinogrillo.com